People v Harvey (2020 NY Slip Op 04488)





People v Harvey


2020 NY Slip Op 04488


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-11102
 (Ind. No. 17-00057)

[*1]The People of the State of New York, respondent,
v
Jacques Harvey, appellant.


Matthew C. Hug, Albany, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered September 25, 2017, convicting him of promoting prison contraband in the first degree and promoting prison contraband in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), and drawing all reasonable inferences in the People's favor (see People v Gordon, 23 NY3d 643, 649; People v Delamota, 18 NY3d 107, 113; People v Ford, 66 NY2d 428, 437), we find that the evidence was legally sufficient to establish the defendant's guilt of promoting prison contraband in the first degree (Penal Law §§ 205.25[2]; 205.00[4]) and promoting prison contraband in the second degree (Penal Law §§ 205.20[2]; 205.00[3]) beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court